**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN YAGMAN, | No. 16-56911 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07210-DSF-SS |
| v. | |
| JOSEPH CURTIS EDMONDSON; MICHAEL J. COLELLO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Stephen Yagman appeals pro se from the district court's summary judgment

and dismissal order in his action alleging Racketeer Influenced and Corrupt

Organizations Act ("RICO") and state law claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Living Designs, Inc. v. E.I. Dupont de*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005) (summary judgment); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (grant of an anti-SLAPP motion to strike). We affirm.

The district court properly granted Colello's motion to strike Yagman's state law claims pursuant to California's anti-SLAPP statute because Colello met his prima facie burden of showing that each cause of action arose out of protected activity and Yagman failed to demonstrate a probability of prevailing on the merits. *See Vess*, 317 F.3d at 1110 (two-step analysis under California's anti-SLAPP statute).

The district court properly granted summary judgment on Yagman's RICO claim because it is time-barred. *See Living Designs, Inc.*, 431 F.3d at 365 (four-year statute of limitations period for civil RICO claims begins to run when a plaintiff knows or should know of the injury that is the basis for the action); *Grimmett v. Brown*, 75 F.3d 506, 512-13 (9th Cir. 1996) (discussing "separate accrual rule" in the RICO context). Contrary to Yagman's contention, his RICO claim did not accrue in April 2015 when Colello received property from the bankruptcy estate.

We do not consider matters not specifically and distinctly raised and argued

2                                                                                     16-56911

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Yagman's request for costs on appeal, set forth in his opening brief, is denied.  Colello's request for costs on appeal, set forth in his answering brief, is denied without prejudice to filing a timely bill of costs.  *See* Fed. R. App. P. 39.

**AFFIRMED.**